UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARQUICIO JOHNSON, | ) |
| Petitioner, | ) ) ) ) |
| vs. | ) )   Case No. 4:17-cv-02666-SEP |
| JEFF NORMAN, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Marquicio Johnson's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. [1].  For the following reasons, the petition for a writ of habeas corpus will be denied.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is an inmate at the South Central Correctional Center in Licking, Missouri.  A jury convicted Petitioner of two counts of abuse of a child, first-degree endangering the welfare of a child, and second-degree murder.  Doc. [8] at 1.  The Circuit Court of St. Louis County sentenced Petitioner to 25 years' incarceration for one count of abuse of a child, 25 years' incarceration for murder, and seven years for endangering the welfare of a child and the remaining count of abuse of a child.  *Id*.

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> In November 2009, the 2-year-old victim ("Victim") moved to St. Louis to live with her mother's aunt ("Aunt") and Aunt's live-in boyfriend, [Petitioner].  Upon moving to St. Louis, Victim had no visible injuries and was in good health.  On December 15, 2009, Aunt worked an overnight shift.  When she left the house, Victim was asleep and [Petitioner] was lying in bed.  No one else was in the house when Aunt left for work.
> Early the next morning, [Petitioner] tried calling Aunt as Victim was unconscious on the kitchen floor.  [Petitioner] tried calling Aunt numerous times but was unable to reach her.  After Victim had been unconscious for about thirty minutes, [Petitioner] called 911.  Victim was taken to the hospital where she was pronounced dead the next day.
> Victim had multiple bruises on her upper body and a second-degree burn on her left hand.  She also had a fracture to the back of her skull and bleeding in the skull.  At trial, the pediatrician who declared Victim dead testified these injuries would not be caused by a fall, but would be from "a knockout blow."  The pediatrician further testified these

1

> injuries were not accidental. The forensic pathologist who performed Victim's autopsy testified that he believed all the injuries occurred at the same time and the injuries were consistent with Victim being struck by an iron that was recovered from the house.
>
> Dr. Case performed her own examination of Victim's brain and eyes. Dr. Case used a BAPP stain to find tearing of the axonal processes. Dr. Case concluded this damage required the type of force seen in a motor vehicle accident and could not be the result of a short fall.

Resp't. Ex. E at 2.

The Missouri Court of Appeals, on direct appeal, reversed the trial court's finding that Petitioner qualified as a persistent offender but affirmed his conviction in all other respects. Resp't. Ex. E. Petitioner then filed a *pro se* Rule 29.15 motion for post-conviction relief, after which counsel was appointed for all post-conviction proceedings. Resp't. Ex. G. Petitioner's appointed counsel filed a timely amended Rule 29.15 motion seeking relief on grounds that he was denied effective assistance of counsel because trial counsel did not raise an objection or request a mistrial because one of the jurors allegedly dozed off, and for failing to challenge the sufficiency of the evidence with respect to the victim's burns. Resp't. Ex. G at 30-31, 36-37. The motion court denied Petitioner's motion after holding an evidentiary hearing. Resp't Ex. G at 148-55. In his appeal of the motion court's denial of his motion for post-conviction relief, Petitioner raised only the claim that his trial counsel was ineffective in failing to object and request a mistrial after a juror allegedly fell asleep during his trial. Resp't Ex. J. The Missouri Court of Appeals affirmed the motion court's decision. *Id*.

On November 3, 2017, Petitioner filed his *pro se* petition in the instant action. Doc. [1]. Petitioner raised only one claim in his initial petition, asserting that his trial counsel was ineffective in failing to object and request a mistrial after Juror 11 allegedly fell asleep during his trial. *Id*. Respondent filed a response, in which he argues that Petitioner's claim for relief was determined on the merits by the Missouri Court of Appeals, and the state court's decision was reasonable and entitled to deference by this Court. Doc. [8].

On August 3, 2018, Petitioner filed a motion to amend his petition, seeking to add an additional claim for ineffectiveness of trial counsel, asserting that his attorney should have objected to an alleged violation of his right to be free of double jeopardy. Doc. [12]. The Court granted his motion, and on September 18, 2018, Petitioner filed an amended petition for habeas corpus, in which he raised six grounds for relief. Doc. [17]. In addition to the claim raised in his initial petition, Petitioner asserted that: (i) the trial court abused its discretion when it denied his motion *in limine* to exclude expert testimony; (ii) the trial court erred by overruling his motion for acquittal at the close of evidence; (iii)

2

the trial court erred by finding him to be a persistent offender; (iv) his conviction for two counts of abuse of a child violates the Double Jeopardy Clause; and (v) his convictions for Count I and II for child abuse violate the Double Jeopardy Clause.[1] *Id.*

Respondent filed a response to the amended petition, in which he argues that the additional claims asserted by Petitioner are time-barred by the applicable one-year statute of limitations for federal habeas petitions, as well as being procedurally defaulted or meritless. Doc. [19] at 3.

## II.     LEGAL STANDARDS

A federal judge may issue a writ of habeas corpus freeing a state prisoner if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the judge must not issue a writ if an adequate and independent state-law ground justified the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977).

"Federal habeas review exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court shall not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set

---

[1] The Court notes that Petitioner's claim regarding his status as a persistent offender was raised on his direct appeal and the Missouri Court of Appeals granted relief on the claim, so no further relief is warranted. Resp't. Ex. E at 7-9. Additionally, Petitioner's two claims involving the Double Jeopardy Clause appear to be essentially the same claim.

3

of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence (citing 28 U.S.C. § 2254(e)(1))).

III.  **DISCUSSION**

   **A. Timeliness**

To be considered timely under AEDPA, a petitioner is required to file any petition for writ of habeas corpus within one year after the conclusion of direct review in state court, with such time being tolled during the pendency of a post-conviction motion or other application for collateral relief in state court. 28 U.S.C. § 2244(d)(1)(A), (2). Proposed amendments submitted beyond this one-year period may be considered and determined by the Court only if the amendments "relate back" to the claims raised in the timely filed original petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *accord McKay v. Purkett*, 255 F.3d 660, 661 (8th Cir. 2001) (per curiam) (no abuse of discretion in district court's dismissal of amended habeas petition when the claims did not relate back to claims in original, timely-filed petition). To relate back, the claims raised in the amended petition must have arisen out of the same conduct, transaction, or occurrence from which the original claims arose, and it is not enough that the new claims "relate to the same trial, conviction, or sentence" as the original claims. *Mayle*, 545 U.S. at 662.

Petitioner's conviction was affirmed on direct appeal on June 28, 2013. Resp't Ex. E. He did not seek rehearing or transfer to the Missouri Supreme Court, so the limitations period began fifteen days after the opinion affirming his conviction was filed, or July 13, 2013. *Gonzalez v. Thaler*, 565 U.S. 134, 136-37 (2012) (judgment becomes final at the expiration of time for seeking direct review with the state's highest court); Mo. Sup. Ct. R. 83.02 (application for transfer shall be filed within fifteen days after the opinion is filed). The one-year statute of limitations is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The time taken by Petitioner's appeal, motion for post-conviction relief, and state habeas actions combine to toll the statute of limitations for a total of 1,491 days. Doc. [19] at 5. Petitioner filed his amended habeas petition on September 18, 2018, or 1,893 days after the

4

limitations period began. Subtracting the 1,491 days of tolling from this time, Petitioner's amended petition was filed 402 days after his conviction became final. Accordingly, the additional claims included in his amended petition are not timely and may not be considered by this Court unless they relate back to the claim in his original petition.

In his original petition, Petitioner raised only one claim, for ineffective assistance of counsel based on trial counsel's failure to object or otherwise seek redress when a juror was discovered sleeping. The claims in his amended petition, save the one that is identical to the claim in the prior petition, share no "common core of operative facts" with the original claim. *Mayle*, 545 U.S. at 664. The first three new claims involve alleged trial court error unrelated to the sleeping juror or counsel's performance, and the last two claims assert violations of the Double Jeopardy Clause that, again, share no factual nexus with trial counsel's performance or the sleeping juror. As a result, the additional claims raised in the amended petition are untimely and the Court may not consider or grant Petitioner relief on those claims.

### B. Review of Petitioner's Claim of Ineffective Assistance of Trial Counsel

Petitioner argues that his trial counsel was ineffective in failing to lodge a formal objection or seek a mistrial after Juror 11 was noted to be sleeping. Petitioner raised this claim in his post-conviction appeal, and the Missouri Court of Appeals denied it on its merits. Resp't. Ex. J at 5-6. As furthered explained below, this Court's review of the record shows that the Missouri court's resolution of Petitioner's claim reflects a reasonable application of federal law and is thus entitled to deference.

The Sixth Amendment guarantees a criminal the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, a petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014); *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011) ("Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim.").

To show deficient performance, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [Petitioner] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). In order to prevail on the prejudice prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional

5

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699. "This standard was meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" *Williams*, 695 F.3d at 831 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). "If the state court reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions, then federal review under AEDPA is at an end." *Id*. at 832 (internal quotation marks omitted).

The Missouri Court of Appeals, applying *Strickland*, denied Petitioner's claim that his defense counsel was constitutionally deficient in failing to lodge a formal objection or seek a mistrial when one of the jurors fell asleep during his trial. Resp't. Ex. J at 6. It further determined that Petitioner suffered no prejudice from counsel's actions. *Id*. The Missouri Court of Appeals denied his claim as follows:

> During the cross-examination of Dr. Mary Case, [Petitioner]'s trial counsel informed the court that his co-counsel noticed that Juror 11 had been sleeping during the trial. [Petitioner]'s trial counsel did not request the court take any specific action regarding Juror 11. After a brief discussion with the prosecutor and [Petitioner]'s trial counsel, the court ordered the jurors to take a quick break to refresh themselves. There is no further mention of Juror 11 in the trial transcript.
>
> \*\*\*\*\*\*\*\*\*\*
>
> On April 17, 2015, the motion court held an evidentiary hearing [on Petitioner's Rule 29.15 motion for post-conviction relief]. Juror 11 testified he remembered briefly "dozing off" once during an expert witness's testimony. When asked to identify which expert witness it was, he stated that he was unsure, but that it may have been during Dr. Subharwal's testimony. He denied falling asleep during [Petitioner]'s trial, and denied "dozing off" during Dr. Mary Case's testimony. Juror 11 further testified that his dozing did not affect his ability to look at all the facts and evidence, and he was confident in his verdict. Throughout his testimony during the evidentiary hearing, he recalled the facts of [Petitioner]'s underlying case, the defense's argument, and expert medical testimony.
>
> [Petitioner]'s trial counsel, Patrick Brayer, testified that he did not remember observing a juror sleeping or nodding off. Mr. Brayer testified that his second-chair counsel, Erica Nuyen, told him she had noticed a juror nodding off throughout the trial.

6

>Mr. Brayer recalled that he notified the trial court about what Ms. Nuyen had told him, and the court ordered the jurors to stand up and stretch.  Mr. Brayer testified he could not remember why he did not object or request a mistrial, but he explained there would have been multiple factors he would consider before taking such an action.
>
> **********
>
>To prevail on a claim of ineffective assistance of counsel, a movant must meet his burden under *Strickland*.  *Strickland* requires that a movant demonstrate his or her counsel: 1) failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation, and 2) that the movant was prejudiced by that failure.  There is a strong presumption that counsel's conduct was reasonable and effective.  To overcome this presumption, a movant must point to specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance.  A movant is prejudiced when there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different.  A movant's conclusory speculations of prejudice are not considered substantive evidence of counsel's ineffectiveness.
>
>[Petitioner] argues that the motion court erred in denying his claim that his trial counsel was ineffective for "failing to raise valid legal objections" relating to Juror 11's alleged sleeping, and for failing to "request a mistrial or some other remedial action."
>
> **********
>
>Generally, a juror's lapse of attention is not grounds for removal.  The mere fact that a juror slept during [Petitioner]'s trial would not, by itself, entitle him to relief.  [Petitioner] must prove he was prejudiced by the juror's sleeping.  [Petitioner] asserts that the motion court failed to properly consider the testimony of Ms. Nuyen and [himself] when it found that [Juror 11] briefly "dozed off" once.  However, the motion court was free to believe or disbelieve the testimony of any of the witnesses before it.  The motion court's finding was consistent with Juror 11's testimony, and also that of Mr. Brayer, who testified he did not observe Juror 11 sleeping . . . .  Even if [Petitioner] proved that Juror 11 fell asleep, he still has not established prejudice.  [Petitioner] argues that he was prejudiced because Juror 11 slept during unspecified portions of the testimony of Dr. Mary Case or Dr. Subharwal.  The motion court properly rejected this argument.  The motion court noted that Juror 11 recalled the medical evidence and important facts of [Petitioner]'s case even though three years had passed since the trial.  The motion court determined that "clearly, Juror 11 was listening to the evidence."  [Petitioner] failed to demonstrate the specific testimony of Dr. Mary Case or Dr. Subharwal that Juror 11 missed.  The motion court's determination was supported by the record and was not clearly erroneous.

Resp't. Ex. J at 2-6 (internal citations omitted) (cleaned up).

This Court must presume that the state court correctly determined whether Juror 11 may have slept through any important aspect of the trial, which is a factual matter.  28 U.S.C. § 2254(e)(1); *Evans v. Luebbers*, 371 F.3d 438, 441 (2004) (reviewing federal courts must "presume that the findings of fact by [the] state court are correct" unless a petitioner has proven by clear and convincing evidence that such findings are clearly erroneous).  Additionally, this Court must indulge a "strong presumption" that

defense counsel's conduct fell within the range of reasonable representation. *Strickland*, 466 U.S. at 689. After reviewing the relevant portions of the record with these standards in mind, the undersigned finds that it contains ample support for the Missouri Court of Appeals' conclusions.

In this case, trial counsel raised the dozing juror matter immediately upon learning of it, after which the trial court had the jury stand and stretch. After that time, neither the juror nor defense counsel recalls any further issues. At the evidentiary hearing held by the motion court, Juror 11, who had not had his memory refreshed in any manner, testified at length and in detail about the facts of the case, as well as the legal theories put forth by both the defense and the state. Resp't Ex. F at 9-24. He was able to do so even though three years had passed between the time of the trial and the evidentiary hearing, testifying that he remembered various details clearly because the facts of the case were "so traumatic" for him to listen to. *Id*. at 20.

Accordingly, and as noted by the Missouri Court of Appeals, Petitioner has not identified what important evidence or testimony might have been missed while the juror dozed off, or how that may have prejudiced his case. *See United States v. Tierney*, 947 F.2d 854, 868-69 (8th Cir. 1991) (general assertions that a juror slept through the critical presentation of defendant's evidence are too vague to warrant a mistrial). In light of this, Petitioner cannot show that the outcome of his case would have been different had Juror 11 been removed and replaced with an alternate juror. On the basis of this record, the Court cannot say that the Missouri court's decision involved an unreasonable application of either the performance or prejudice prong of *Strickland*, nor was it an "unreasonable determination of the facts in light of the evidence presented in state court." *Cole v. Roper*, F.3d 1183, 1187 (8th Cir. 2010); 28 U.S.C. § 2254(d). Thus, the Court must deny federal habeas relief on Petitioner's sole timely claim.

## IV.    CONCLUSION

An appeal may not be taken from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A), upon finding that the petitioner "has made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claim, and so will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 28th day of April, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE